UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAY XIONG YANG,

        Petitioner,

  v.                                          Case No. 24-cv-1200-bhl

STATE OF WISCONSIN, et al,

        Respondents.

## SCREENING ORDER

      On September 20, 2024, Petitioner Kay Xiong Yang, proceeding *pro se*, filed an "Emergency Petition for Declaratory Judgment with Injunctive Relief," naming the State of Wisconsin, James K. Meuhlbauer, Kristian Lindo, Adam Y. Gerol, Matthew Seipel, and Does 1–100 as "Respondents." (ECF No. 1.) Attached to the filing were more than 300 pages of additional documents, consisting of charging documents, hearing transcripts, and related materials from a state court criminal case. (ECF Nos. 1-2–5.) That same day, Yang filed a "Petition for and Notice of Removal," by which she seeks to remove to federal court a state criminal case pending against her in Ozaukee County Circuit Court, Case No. 2024CF000031. (ECF No. 2.) Yang also filed an "Emergency Petition for Temporary Restraining Order" in which she asks the Court to halt state court proceedings related to her mental competency. (ECF No. 3.) Yang has paid the civil filing fee, but the Court will nevertheless exercise its authority to screen her petition. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). For the reasons given below, the Court will dismiss this action and, to the extent her notice of removal had any temporary effect, summarily remand Yang's state criminal proceeding to Ozaukee County Circuit Court.

## ALLEGATIONS

      Yang's initial filing, an "Emergency Petition for Declaratory and Injunctive [R]elief," alleges that Ozaukee County Circuit Judge James K. Meuhlbauer issued a bench warrant against her on September 19, 2024. (ECF No. 1 at 1–2.) The warrant was apparently issued to compel her to sit for a mental evaluation after she failed to comply with the state court's order in her

criminal case, in which she is charged with four counts of criminal slander of title, a Class H felony. (ECF No. 1-2 at 4–5; ECF No. 2-1 at 34.) Yang challenges the warrant on grounds that she was unrepresented by counsel and did not waive her right to counsel on the record when the warrant was issued. (ECF No. 1 at 2.) Her petition includes a number of block quotes from state court documents along with accusations of misconduct against the state court judge. (*Id.* at 2–8.) Yang attaches 300 pages of state court documents to the filing. (ECF Nos. 1-2–5.) In her petition, she requests "an immediate emergency injunction, and an answer to certain federal questions as to the rights of Petitioner as it relates to her individual rights including but not limited to her being forced to speak in a criminal proceeding without the benefit of counsel." (*Id.* at 2.) She provides a list of 19 "Questions Ripe for Declaratory Judgment" and states that she "has presented the 1787 Constitution and the 1789 Bill of Rights as the primary contract to define all her rights and duties, and this is her stipulated choice of Law on the record in the State case." (*Id.* at 14.) The questions all pertain to the actions of the state court in her pending criminal matter. (*Id.* at 14–16.) Yang asks the Court to enter a temporary restraining order under Federal Rule of Civil Procedure 65(b) enjoining the state court from proceeding with her criminal prosecution. (*Id.* at 17.) She also asks the Court to set a hearing "to answer all of her questions as stated in her sworn and verified complaint, and others that may arise at such hearing." (*Id.*)

      Yang's second filing, a "Petition for and Notice of Removal," asks the Court to assume jurisdiction over her state criminal case pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (ECF No. 2.) As grounds for removal, Yang asserts that the state court has violated her Sixth Amendment right to effective assistance of counsel, Fifth Amendment right against self-incrimination, and Due Process rights under the Fourteenth Amendment. (*Id.* at 2.) Yang includes with her petition more documents from her state court case. (ECF No. 2-1.)

      Yang's third filing, an "Emergency Petition for Temporary Restraining Order," again alleges that the state court has violated her Fifth, Sixth, and Fourteenth Amendment Rights. (ECF No. 3 at 2.) She asks the Court to issue a temporary restraining order enjoining Respondents from executing the September 19, 2024 bench warrant, having her involuntarily committed without conducting a hearing and establishing good cause, and "[c]onducting any further competency examinations without proper legal procedures and the presence of Petitioner's chosen counsel." (*Id.* at 4.)

# ANALYSIS

Yang's petitions all include requests that this Court interfere with her state court criminal matter and are therefore barred by *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that federal courts should generally abstain from hearing cases that would disrupt ongoing state criminal proceedings. *Id.* at 43–45; *see also J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021)("[*Younger*] directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings."). This is true even where a litigant alleges that his or her federal rights are being violated in the state court proceeding. *See Younger*, 401 U.S. at 46; *see also Kugler v. Heflant*, 421 U.S. 117, 124 (1975) ("The policy of equitable restraint expressed in [*Younger*] is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Exceptions to *Younger* are "very narrow" and must create "an extraordinarily pressing need for immediate federal equitable relief." *Arkebauer v. Kiley*, 985 F.2d 1351, 1358–59 (7th Cir. 1993) (quoting *Kugler*, 421 U.S. at 125). *Younger* abstention applies to requests for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 69–74 (1971).

Yang's requests for relief fall directly under *Younger*. She specifically asks the Court to enjoin an ongoing state criminal prosecution, and she falls well short of establishing an extraordinarily pressing need for the Court to intervene. The record she presents shows Yang is seeking to avoid compliance with a competency examination authorized by statute. (*See* ECF No. 1-2 at 5.) If she disagrees with the state court's orders, she can seek reconsideration from that court or file an appeal with the Wisconsin Court of Appeals. Under *Younger*, it is not the federal court's role to involve itself in her state criminal proceeding. While Yang may disagree with the state court's orders, she has not established any extraordinary circumstances making abstention inappropriate. She has no compelling evidence that the state courts have not provided her with a fair and sufficient opportunity to vindicate her constitutional rights. Indeed, the state court's on-line records show that a competency evaluation was completed and a competency report filed in her state case on October 10, 2024, likely mooting much of Yang's dispute with the state court. *See* Record, *State v. Yang*, Case No. 2024CF000031, Ozaukee Cnty. Cir. Ct. (available at: https://wcca.wicourts.gov/). Accordingly, the Court will dismiss Yang's Emergency Petition for Declaratory Judgment with Injunctive Relief, (ECF No. 1), and Emergency Petition for Temporary Restraining Order, (ECF No. 3), pursuant to the *Younger* abstention doctrine.

Yang's petition to remove her state criminal case, (ECF No. 2), must also be denied because this Court has no authority to assume jurisdiction over the case. Yang invokes 28 U.S.C. §§ 1331, 1441, and 1446 in support of her petition, but those statutes pertain only to civil actions and Yang is attempting to remove a criminal matter. While 28 U.S.C. § 1455 permits removal of criminal prosecutions to federal court in limited circumstances, Yang has not presented such circumstances here. Yang's mere assertion of violations of her federal constitutional rights is insufficient to support removal of her state criminal matter to federal court. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). Moreover, Section 1455 requires the Court to summarily remand the matter to the appropriate state court "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." § 1455(b)(4). Because it is plain from the face of Yang's petition and supporting documents that removal is improper, her criminal case will be summarily remanded to the Ozaukee County Circuit Court.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Emergency Petition for Declaratory Judgment with Injunctive Relief, ECF No. 1, is **DENIED** and this case **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Removal, ECF No. 2, is **DENIED** and Case No. 2024CF000031 is summarily remanded to the Ozaukee County Circuit Court.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Petition for Temporary Restraining Order, ECF No. 3, is **DENIED**.

Dated at Milwaukee, Wisconsin on October 15, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge